UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 210 MUNI LLC and OLYMPIC FUNDING LLC,<br><br>                              Plaintiffs,<br><br>-against-<br><br>ANNE MAHLUM,<br><br>                              Defendant. | Case No. 1:25-cv-05611 (JLR)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

      The Court is in receipt of a letter-motion from Defendant in the above-captioned matter, Anne Mahlum, requesting that related cases *210 Muni LLC et al. v. Anne Mahlum*, No. 1:25-cv-00435 ("Earlier Filed Action"), and *Ambition Brooklyn Court St. LLC et al. v. 210 Muni LLC, et al.*, No. 1:25-cv-05611 ("Later Filed Action"), both before the undersigned, be consolidated pursuant to Federal Rule of Civil Procedure ("Rule") 42(a). Dkt. 19. Plaintiffs in the above-captioned matter, 210 Muni LLC ("210 Mumi") and Olympic Funding LLC ("Olympic Funding"), oppose consolidation. Dkt. 20 ("Opp."). For the reasons set forth below, the Court GRANTS Defendants' letter-motion for consolidation.

## BACKGROUND

      The Earlier Filed Action was brought by 210 Muni and Olympic Funding against Mahlum. On January 15, 2025, Mahlum removed the Earlier Filed Action from state court to this Court. Earlier Filed Action, Dkt. 1. The parties had an initial pretrial conference on March 26, 2025, and have since been engaged in discovery. *See* Earlier Filed Action, Dkt. 11. On August 12, 2025, the parties requested, and the Court granted, an extension of discovery deadlines, moving the completion of all discovery from August 25, 2025, to October 30, 2025. Earlier Filed Action, Dkt. 23. Among other reasons for the extension request, the parties cited "large document productions," "multiple pending subpoenas for records of non-parties by the

1

defendant," and the "need to complete multiple party depositions," as well as Plaintiffs' need for additional time to produce their discovery responses. Earlier Filed Action, Dkt. 23.

Mahlum is an entrepreneur and the founder of the "Ambition" fitness and wellness studio brand. Earlier Filed Action, Dkt. 13. In the Earlier Filed Action, Plaintiffs 210 Muni and Olympic Funding allege that they entered leases with Ambition Brooklyn and Ambition Manhattan for commercial spaces in Brooklyn and Manhattan, respectively, which Ms. Mahlum personally guaranteed. *See generally* Earlier Filed Action, Dkt. 1-1. Plaintiffs allege that Ambition Brooklyn and Ambition Manhattan subsequently defaulted under the terms of their loans, and that Mahlum failed to honor her guarantees. *See* Earlier Filed Action, Dkt. 1-1 ¶¶ 9, 23, 39-41.

On July 8, 2025, Ambition Brooklyn and Ambition New York filed the Later Filed Action, asserting breach of contract and unjust enrichment claims against 210 Muni and Olympic Funding. Later Filed Action, Dkt. 14. Ambition Brooklyn and Ambition New York allege that 210 Muni and Olympic Funding were alerted to, and failed to address, various issues at the leased premises. Later Filed Action, Dkt. 1. Among other things, they allege that the lessors failed to perform elevator repairs, failed to address building-wide issues, and improperly represented that the premises were "fit" for their intended commercial purposes, that is, use as high-end fitness studios. *See generally* Later Filed Action, Dkt.1. Ambition Brooklyn and Ambition New York assert that 210 Muni and Olympic Funding therefore materially breached the subject leases, forcing the businesses to cease their operations. Later Filed Action, Dkt. 1 ¶¶ 89, 115. Ambition Brooklyn and Ambition New York therefore assert breach of contract and unjust enrichment claims against 210 Muni and Olympic Funding. Later Filed Action, Dkt. 1 ¶¶ 89-136.

On July 10, 2025, the Court accepted the Later Filed Action as related to the Earlier Filed Action, and on July 14, 2025, Mahlum's counsel in the Earlier Filed Action, who also represents Ambition Brooklyn and Ambition New York in the Later Filed Action, filed a letter-motion to consolidate the cases.  Earlier Filed Action, Mot.  210 Muni and Olympic Funding filed an opposition to the letter-motion to stay on July 15, 2020, Opp. and Mahlum filed a reply in further support of the motion to consolidate that same day, Earlier Filed Action, Dkt. 21 ("Reply").

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions that "involve a common question of law or fact[.]"  Fed. R. Civ. P. 42(a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).  "Consolidation is a 'valuable and important tool of judicial administration' that should be 'invoked to expedite trial and eliminate unnecessary repetition and confusion.'"  *Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 394 (S.D.N.Y. 2014) (quoting *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)).  "A party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions, and a district court must examine 'the special underlying facts' with 'close attention' before ordering a consolidation."  *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (first citing *MacAlister v. Guterma*, 263 F.2d 65, 70 (2d Cir. 1958); then quoting *Katz v. Realty Equities Corp.*, 521 F.2d 1354, 1361 (2d Cir. 1975)).

"The trial court has broad discretion to determine whether consolidation is appropriate."  *Celotex Corp.*, 899 F.2d at 1284.  The Second Circuit has instructed that, when determining whether consolidation is appropriate, "efficiency cannot be permitted to prevail at the expense of justice — consolidation should be considered when savings of expense and

3

gains of efficiency can be accomplished without sacrifice of justice." *Devlin*, 175 F.3d at 130 (internal quotation marks and citation omitted).

## DISCUSSION

The Court concludes that consolidation of *210 Muni, LLC et al. v. Anne Mahlum*, No. 1:25-cv-00435, and *Ambition Brooklyn Court St. LLC et al. v. 210 Muni LLC*, et al., No. 1:25-cv-05611, is warranted because both actions involve common questions of law or fact. Both actions relate to commercial leases entered between 210 Muni and Olympic Funding and Ambition Brooklyn and Ambition New York, and implicate the scope of the parties' obligations thereunder. Because the actions involve the same underlying contracts, premises, and parties, there are likely to be overlapping witnesses, discovery requests, and document productions.

More fundamentally, the scope of Mahlum's guarantee obligations within the Earlier Filed Action will necessarily depend on whether 210 Muni and Olympic Funding did in fact breach the underlying commercial breaches — the very issue to be decided in the Later Filed action. As Mahlum states in her briefing, she expects the evidence to establish "that any obligations potentially imposed by the limited guarantees at the center of the Earlier Filed Case were extinguished because, inter alia, (1) [210 Mumin and Olympic Funding] constructively evicted [Ambition Brooklyn] and [Ambition New York] . . . from the leased premises; and/or (2) the tenant entities surrendered the premises and [210 Mumin and Olympic Funding] accepted the surrenders." Reply at 1. Because Mahlum has asserted the extinguishment of her guarantor obligations as an affirmative defense to the claims asserted against her, whether the lessors committed a material breach of the commercial leases is a threshold question.

Absent a consolidation order, there would be "substantial overlap in pleadings and responses, and in the document discovery and witness testimony sought [by the parties], which would result in inefficiencies, waste of judicial resources, unnecessary confusion, and duplicative discovery, in addition to raising the possibility of inconsistent results." *Crowe v. JPMorgan Chase & Co.*, Nos. 09-cv-00778, 2009 WL 3852381, at *2 (S.D.N.Y. Nov. 18, 2009). Indeed, "[t]he substantial overlap of facts, law, and defendants weigh in favor of consolidation." *Id.*

210 Muni and Olympic Funding's arguments against consolidation are unavailing. First, 210 Muni and Olympic Funding argue that consolidation would be inappropriate because it would "greatly delay" the Earlier Filed Action, which is "nearing readiness for trial per the Court's scheduling order." Opp. at 1-2. This argument, however, is undermined by the fact that the parties have since sought — and the Court has granted — an extension of discovery deadlines in the Earlier Filed Action, pushing the deadline for the completion of all discovery to October 30, 2025, and the parties' post-discovery conference to December 3, 2025. Dkt. 24. The Court has not set a motion or trial schedule in either matter and Mahlum represents that, in the Earlier Filed Action, Plaintiffs produced just twelve documents as of July 17, 2025. Reply at 2.

Moreover, while 210 Muni and Olympic Funding maintain that the actions involve distinct issues of law and fact, as noted above, the question of Mahlum's breach of her unconditional guaranty of payment depends at least in part on whether 210 Muni and Olympic Funding breached the terms of the underlying leases. That is the very issue to be decided in the Later Filed Action. 210 Muni and Olympic Funding do not address this point, instead

asserting that "Mahlum has not asserted any counterclaims in Action No. 1 and [that] the time for doing so expired on April 11." Opp. at 2..[1]

Accordingly, the Court exercises its discretion to consolidate *210 Muni LLC et al. v. Mahlum*, No. 1:25-cv-00435, with *Ambition Brooklyn Court St. LLC et al. v. 210 Muni LLC et al.*, No. 1:25-cv-05611. Unless otherwise ordered by this Court, future filings in the consolidated case shall be filed and docketed only under docket number 1:25-cv-00435. 210 Muni and Olympic Funding's answer in *Ambition Brooklyn Court St. LLC et al. v. 210 Muni LLC et al*, No. 1:25-cv-05611, shall still be due by August 29, 2025. The parties shall appear for a status conference on **September 3, 2025** at 10:00 a.m. in Courtroom 20B at 500 Pearl Street, New York, New York.

Dated: August 19, 2025
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

---

[1] As noted above, Plaintiff raised 210 Muni and Olympic Funding's respective breaches of the underlying leases as an affirmative defense in her answer to the Complaint. Earlier Filed Action, Dkt. 6. Although not addressed by either party, it appears to the Court that the Later Filed Action could have been asserted as a counterclaim in *210 Muni LLC et al. v. Mahlum*. A counterclaim is compulsory if it "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). However, "[n]othing in Rule 13 prevents the filing of a duplicative action instead of a compulsory counterclaim." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991). "Ideally, once a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it should 'stay its own proceedings' or 'dismiss the claim with leave to plead it in the prior action.'" *Monroe Staffing Servs., LLC v. Whitaker*, No. 20-cv-01716 (GBD), 2022 WL 684714, at *7 (S.D.N.Y. Mar. 7, 2022) (quoting 6A Charles A. Wright, Arthur R. Miller, & Mary K. Kane, *Fed. Prac. and Proc.* § 1418 at 165-67 (3d ed. 2010)). Here, however, staying the Later Filed Action to allow the Earlier Filed Action to proceed would not promote judicial economy, as the question of whether 210 Muni and Olympic Funding breached the underlying leases will impact the scope of Mahlum's guarantee obligation in the Earlier Filed Action. Therefore, the Court exercises its judicial discretion to consolidate the related cases instead, finding that doing so will promote judicial economy without sacrificing justice in either action.